UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH HONKISZ,            ) | |
|      Plaintiff,            ) | |
|            ) | |
| v.            ) | CASE NO.: 4:22-cv-80-PPS-JPK |
|            ) | |
| MVP TRANSPORT, LLC; R&L FREIGHT;            ) | |
| and GERSON MOLINA GUEVARA,            ) | |
|      Defendants.            ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. Defendants MVP Transport, LLC, R&L Freight, and Gerson Molina Guevara removed this action from state court on October 13, 2022. As the party seeking federal jurisdiction, Defendants have the burden of plausibly alleging that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must remand this action if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

**DISCUSSION**

Defendants allege in the notice of removal that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the Court to have diversity jurisdiction, Plaintiff and Defendants must be citizens of different states, and the amount in controversy must be more than $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Defendants allege that Plaintiff is a citizen of Indiana and that Defendant Guevara is a citizen of Texas. [DE 1 ¶¶ 10-11]. But Defendants' allegations regarding the citizenship of other two defendants are inadequate. Defendants allege that both R&L Freight and MVS Transport are Texas limited liability companies with their principal places of

business in Texas. [*Id.* ¶¶ 12, 14]. Defendants allege that therefore those two defendants are not Indiana citizens. [*Id.* ¶¶ 13, 15]. To properly allege the citizenship of a limited liability company for purposes of the diversity statute, however, Defendants must allege "the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (requiring the name and citizenship of each limited liability company member to be identified) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed"). For members of each limited liability company defendant who are individuals, Defendants must allege citizenship based on their domicile. *See Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile–that is to say, the state in which a person intends to live over the long run," and "[a]n allegation of 'residence' is therefore deficient"). For members who are corporations, Defendants must allege both the corporation's state of incorporation and its principal place of business. *Karazanos v. Madison Two Assocs.,* 147 F.3d 624, 628 (7th Cir. 1998). And for members who are also limited liability companies (or other non-corporate business entities such as partnerships), Defendants must allege the constituent members and their citizenships, tracing the citizenship of each such member "through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for limited liability company "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well").

"[D]iversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted). Accordingly, Defendants must identify the limited liability company members of R&L Freight and MVS Transport at the time of the original filing in state court and at the time of removal, and for each of those members, it must allege citizenship based on the legal principles applicable to each member at the time of the original filing in state court and at the time of removal, tracing the citizenship of each such member "through multiple levels" for members who in turn have members or partners.

Given the importance of determining the Court's jurisdiction over this case, the Court **ORDERS** Defendants to **FILE**, on or before **October 31, 2022**, a supplemental jurisdictional statement properly alleging the citizenship of each party according to the legal principles stated above.

So ORDERED this 18th day of October 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
